## The New York Central Railroad Company v. The Sancrick Lumber Company

*Osmer & Osmer*, for plaintiff.
*L. R. Rickard*, for defendant.

ROWLEY, P. J., March 23, 1937.—This matter comes before the court upon an affidavit of defense raising questions of law.

The statement of claim sets forth that plaintiff is a common carrier engaged in interstate commerce; that defendant delivered to it for transportation certain quantities of lumber on various dates from August 28, 1929, to October 23, 1929; that transportation charges aggregating $522.36 were paid to it, on account of said various shipments, on or about the delivery dates of such shipments, the last shipment having been delivered and the last payment of charges having been made about October 23, 1929. The rate charged and paid on the various shipments was 15½ cents per 1,000 pounds.

Thereafter, defendant complained that the rate charged on said shipments was excessive, by the difference between 12 cents per 1,000 pounds and 15½ cents per 1,000 pounds, and on November 26, 1929, plaintiff refunded to defendant $117.96, the difference between the calculation at 12 cents per 1,000 pounds and 15½ cents per 1,000 pounds.

On July 27, 1933, plaintiff entered suit before a justice of the peace and recovered judgment for $117.96, with interest, for the refund which, it alleges, was mistakenly and erroneously paid on November 26, 1929.

Defendant appealed from the judgment of the justice of the peace to this court, whereupon plaintiff filed its statement of claim. Defendant filed an affidavit of defense setting out that the action is barred by the statute of limitations which limits the right of action to a period of three years after it accrues. By a supplemental affidavit of defense defendant challenges the right to recover for the reasons "That plaintiff, with full knowledge of the facts, made said refund to defendant voluntarily and without duress of person or property; that there was no promise, implied or otherwise, on the part of defendant to make repayment, and no facts being alleged or set forth in the statement of claim which would establish a right of action to recover the refund so made, same is insufficient in law to supply the action."

Plaintiff concedes that any action to cover transportation charges must be brought within three years. The Interstate Commerce Act as amended June 7, 1924, 43 Stat. at L. 633, provides in section 16, para. 3(a), that:

"All actions at law by carriers subject to this Act for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after."

And further in section 16, para. 3(e) :

"The cause of action in respect of a shipment of property shall, for the purposes of this section, be deemed to accrue upon delivery or tender of delivery thereof by the carrier, and not after."

But plaintiff answers that the instant cause is not an action to recover transportation charges or any part thereof, but that, instead, it is a suit to recover money paid under a mistake of fact.

Therefore, the questions before us are whether, as defendant avers, the suit is to recover transportation charges, or whether, as plaintiff contends, the action is to recover for money paid under a mistake, and, if so, whether plaintiff may maintain an action for such recovery.

The difference in the calculation of the transportation charges seems to depend upon the use for which the lumber shipped was applied. If used as "mine rails", the applicable rate was 12 cents per 1,000 pounds. If the lumber was "blocking lumber", the proper rate was 15½ cents per 1,000 pounds.

In T. M. Partridge Lumber Co. v. Michigan Central R. R. Co., 26 F.(2d) 615, it was held that a railroad's cause of action for recovery of excessive refund on freight overcharges was not an action for recovery of charges, but was one on an implied contract to refund money paid through error, and a statute barring actions for recovery of charges not commenced within three years was inapplicable, but the action should be dismissed for want of Federal jurisdiction.

The opinion was by Otis, District Judge. Circuit Judge Van Valkenburgh concurred in dismissing the action, but said:

"If, as I think, it [the action] is for the recovery of carrier's charges, it is barred by limitation. . . .

"This action is in effect one for the recovery of a part of the carrier's charge . . . consequently, by the unambiguous terms of the statute, this action is barred."

It is to be noted that in the case above cited there was a stipulation wherein it was agreed:

"That the balance of the overpayment by the plaintiff to the defendant still unpaid is fifty-five dollars seventy-five cents ($55.75)."

The stipulation above quoted would be some warrant for holding that the action was "one on an implied contract to refund money paid through error." There the fact of overpayment was admitted. There was in the Partridge case no necessity for establishing the character of the shipment, the rate or tariff applicable thereto, the amount paid by the shipper and the balance unpaid.

In the instant case plaintiff would be obliged to prove that the timber was "blocking timber"; "that the same was sold and used as such; that no part of the same was purchased or used as mine rails; and that the rate of freight charges charged thereon was the correct and proper freight rate applicable thereto."

Plaintiff cannot make out its case by proof only of the matters involved in the transaction of November 26, 1929, the date of the refund. It must prove all the transactions between the parties touching the disputed charges. Such proof would extend beyond the permissible period.

The object of the statute of limitations is to suppress stale claims from springing up at great distances of time and surprising the parties or their representatives when all the proper vouchers and evidence are lost, or the facts have become obscure from the lapse of time, or the defective memory or death or removal of witnesses. Such

statutes apply with full force to the most meritorious claims: 37 C. J. p. 684. Congress established the period of three years within which a carrier must sue to recover charges. In the instant case the suit was instituted July 27, 1933, and depends upon plaintiff's ability to prove the character and use of goods shipped during August, September, and October, 1929. It does not appear whether plaintiff at the time of the refund knew the timber was "blocking timber" and erred in selecting the appropriate rate therefor, or whether it was mistaken or misinformed and assumed the timber was purchased or used for mine rails. In any event it would be required to prove the character of shipments made more than three years previous to the date of commencement of its action. To permit plaintiff to do so would be to require defendant to offer contesting proof as to matters beyond the statutory period, and thus deprive defendant of the benefit of a statute enacted for its protection.

In the conduct of present day business there must be a time after which one may safely conclude that certain transactions are finally closed, and after which neither mind nor records need be further burdened with details of the particular business. As between shipper and carrier, the law has fixed three years as an appropriate period. To treat the present proceeding other than as a suit for charges would, in our opinion, be to circumvent the statute.

If the fact of overpayment were admitted as in the Partridge case, or if the character of the freight and the correct rate applying thereto were undisputed, we should be obliged to consider under what circumstances one may recover for money erroneously paid. However, in view of the conclusion that we have reached, namely, that this proceeding is an action by a carrier to recover charges or a part thereof, and is therefore barred by the statute of limitations, we find it unnecessary to discuss the question of recovery for money erroneously paid.

*Order*

And now, March 23, 1937, this matter was submitted to the court upon briefs of counsel, whereupon, after due and careful consideration, it is ordered, adjudged and decreed that judgment be entered for defendant.